**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

LISA MURPHY,
ADC #760343                                                                                    PLAINTIFF

1:14CV00157-JM-JTK

PHILLIP ALLEN, et al.                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

    1.       Why the record made before the Magistrate Judge is inadequate.

    2.       Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.       The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.     Introduction

Plaintiff Lisa Murphy is a state inmate incarcerated at the McPherson Unit of the Arkansas Department of Correction (ADC).   She filed this action pursuant to 42 U.S.C. § 1983, alleging cruel and unusual punishment, retaliation, and a violation of due process against Defendants Phillip Allen and Melissa James.[1]  Plaintiff asks for monetary and injunctive relief.

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 11).  Plaintiff filed a Response to the Motion (Doc. No. 22).

### II.    Complaint

In her Complaint, Plaintiff claims Defendant Allen acted with cruel and unusual punishment against her when he refused to allow her to wash herself in the bathroom after she soiled herself on November 24, 2014.  (Doc. No. 2, p. 7) She also claims Allen retaliated against her by filing false disciplinary charges against her the same date, and that Defendant James refused to allow her to call

---

[1]Defendants Canter, Jones, Dixon, Faust, Budnick, Norris, Alen, Dykes, Malott, and Richardson were dismissed on January 30, 2015 (Doc. No. 8).

2

witnesses at her disciplinary hearing. (Id., p. 8)

## III.     Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.     Exhaustion

Defendants ask the Court to dismiss Plaintiff's Complaint against them for failure to exhaust her administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  According to Barbara Williams, ADC grievance coordinator, Plaintiff did not exhaust any grievances naming Defendants Allen and James between November 24, 2014 (the date of the first incident) and the filing of this action on December 10, 2014 (Doc. No. 13-2). The ADC grievance policy, Administrative Directive (AD) 14-16, requires an inmate to exhaust all remedies prior to

filing a lawsuit, including lawsuits alleging retaliation, even if related to a non-grievable issue, such as a disciplinary charge.  (Id., p. 2; Doc. No. 13-1, p.2)  The PLRA also mandates exhaustion prior to filing a lawsuit.  Booth v. Churner, 532 U.S. 731, 739, 741 (2001).  Therefore, since Plaintiff did not exhaust a grievance against Defendants concerning the November 24, 2014 incident or the alleged retaliatory disciplinary charge, her allegations should be dismissed.  In addition, Defendants state that Plaintiff failed to exhaust her administrative remedies with respect to her due process claim against Defendant James, because did not exhaust the disciplinary appeal process, as set forth in the PLRA ("all administrative remedies as are available") and ADC disciplinary procedure, AD 13-10 (Doc. No. 13-3).

Plaintiff responds by admitting that she did not exhaust her remedies as to her claims against Defendants, mistakenly believing that any claims related to disciplinary charges are not grievable. (Doc. No. 22) Therefore, she asks to dismiss this lawsuit without prejudice.[2]

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion

---

[2]Plaintiff previously filed a Motion to Dismiss this action on February 24, 2015 (Doc. No. 16), but withdrew that Motion on March 6, 2015 (Doc. No. 20).  Given this history, the Court will rule on the merits of the Defendants' Motion.

clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. at 741. In addition, the United States Court of Appeals for the Eighth Circuit held in <u>Chelette v. Harris</u>, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000), (quoting <u>Castano v. Nebraska Dep't of Corrections</u>, 201 F.3d 1023, 1025 (8th Cir. 2000)).  In <u>Johnson v. Jones</u>, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in <u>Jones v. Bock</u>, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  549 U.S. 199, 218 (2007).

The PLRA, the ADC grievance procedure, and the ADC disciplinary procedure all clearly provide that administrative remedies be exhausted prior to filing a lawsuit about the issues asserted. Plaintiff admits in her response that she did not follow this requirement; therefore, the Court finds that her Complaint against Defendants should be dismissed, for failure to exhaust her administrative remedies.

## IV.     Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 11) be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED without prejudice.

5

IT IS SO RECOMMENDED this 2nd day of April, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE